IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM R. LAMB, II**                                                              **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 1:21cv279-TBM-RPM**

**LOWE'S HOME CENTERS, LLC and**
**LOWE'S HOME IMPROVEMENT STORE NO. 2350**      **DEFENDANTS/THIRD-**
                                                                                                   **PARTY PLAINTIFFS**

**V.**

**CHAD BRYAN**                                                   **THIRD-PARTY DEFENDANT**

## AMENDED THIRD-PARTY COMPLAINT

COMES NOW the Defendant/Third-Party Plaintiff, Lowe's Home Centers, LLC ("Lowe's") and for its Amended Third-Party Complaint against Third-Party Defendant Chad Bryan, states as follows:

### PARTIES

1.  Defendant/Third-Party Plaintiff Lowe's operates a home improvement store located at 9020 Hwy 603, Waveland, Mississippi 39675.

2.  Third-Party Defendant Chad Bryan is a resident and citizen of Mississippi living at 14368 Williamsburg Drive, Gulfport, Mississippi 39503.

### FACTS

3.  On information and belief, in late August 2020, Plaintiff took possession of tile purchased from Lowe's for the purposes of installing said tile in Plaintiff's home.

4.  The tile purchased by Plaintiff was conspicuously marked with the following shade/size and job order ("J/O") numbers: S46 J/O# 23357; J46 J/O# 18038; and R47 J/O# 22629.

5.  The job order numbers reflect that the purchased tile was from three different

production runs (i.e., J/O# 23357; J/O# 18038; and J/O# 22629). This information was obvious and conspicuous.

6. The shade/size numbers reflect that the purchased tile was of at least two different sizes. This information was obvious and conspicuous.

7. On information and belief, Plaintiff arranged for the installation of the tile in his residence by an independent third-party contractor, Chad Bryan.

8. Prior to beginning installation of the tile, Mr. Bryan stated to Lowe's employee Tracy Swanier Bankston that he had "noticed that the tile had different colors" and that he "went and opened a box from a different pallet" where he specifically noted that some of the tile was the same color, but other tile was not. Mr. Bryan also noticed that the tile was not all the same size.

9. Mr. Bryan was aware at all times that the tile that had been purchased by Plaintiff had been sourced from three different job orders and came in at least two different sizes.

10. Mr. Bryan either told Plaintiff this information and installed the tile regardless of the shade and size discrepancies, or failed entirely to inform the Plaintiff before installing the tile.

11. As noted on both the Lowes.com website and the product packaging itself, the tile purchased by Plaintiff is a V3 shade variation product, meaning that the tile will have inherent "moderate variation" in the different tiles. As explained in the applicable documentation, V3 shade variation means that "[w]hile the color present on a single piece of tile will be indicative of the colors to be expected on other tiles, <u>the amount of colors on each piece may vary significantly</u>. For example, 'that little bit of color' on one piece of tile may be the primary color on the next piece."

12. Moreover, different production runs will also have minor variations in shade. As the packaging for this product notes: "<u>Shade variation is characteristic of tile. Select tile from the same job, size and shade numbers. Dry lay tiles and inspect prior to installation.</u>" This is why

warranty claims after installation are not accepted.

13. Particularly with a product such as the tile purchased by Plaintiff, dry laying of tile *before* final installation is imperative.

14. Mr. Bryan either dry laid the tile and received approval to move ahead from Plaintiff, dry laid the tile but failed to secure approval from Plaintiff before installation, or failed to dry lay the tile at all.

15. In any case, there is nothing defective about the tile that was purchased by Plaintiff.

## CAUSES OF ACTION

16. Lowe's incorporates by reference the prior paragraphs as if set forth fully herein.

17. Lowe's claims are derivative of Plaintiff's claims against Lowe's in that, if Lowe's is found to be liable, Bryan should have to satisfy that liability. Lowe's seeks damages from Bryan contingent upon its liability for Plaintiff's claims.

## INDEMNIFICATION

18. Lowe's incorporates by reference the prior paragraphs as if set forth fully herein.

19. An obligation to indemnify may arise from a contractual relation, from an implied contractual relation or out of liability imposed by law. When one party is required to pay money which another party in all fairness should pay, then the former may recover indemnity from the latter in the amount which was paid, provided the party making the payment has not acted in so wrongful a manner so as to bar recovery.

20. An obligation to indemnify arising from a non-contractual implied indemnity requires that (1) the damages that the claimant seeks to shift are imposed upon the claimant as a result of some legal obligation; and (2) the claimant did not actively or affirmatively participate in the wrong leading to the liability.

21.     Lowe's denies that it has any liability in this action or has done anything wrong. It merely sold tile to Plaintiff which was accurately packaged and which Plaintiff and/or Bryan knew or should have known contained tile from three different job orders, of two different sizes, and was a product which—by its nature—may contain moderate to significant natural variation.

22.     On the other hand, Bryan clearly knew that tile Plaintiff purchased was from three different job orders, of two different sizes, and was a product which—by its nature—may contain moderate to significant natural variation. Bryan also failed to dry lay the tile before installation and/or failed to obtain approval from Plaintiff before installing.

23.     As such, if Lowe's is required to pay any money as a result of this action, Bryan should be required to indemnify Lowe's for such payment.

## **CONTRIBUTION**

24.     Lowe's incorporates by reference the prior paragraphs as if set forth fully herein.

25.     Lowe's denies that it has any liability in this action or has done anything wrong. It merely sold tile to Plaintiff which was accurately packaged and which Plaintiff and/or Bryan knew or should have known contained tile from three different job orders, of two different sizes, and was a product which—by its nature—may contain moderate to significant natural variation.

26.     On the other hand, Bryan clearly knew that tile Plaintiff purchased was from three different job orders, of two different sizes, and was a product which—by its nature—may contain moderate to significant natural variation. Bryan also failed to dry lay the tile before installation and/or failed to obtain approval from Plaintiff before installing.

27.     As stated above, Lowe's denies that it has any liability in this action, but if it is found liable, Lowe's hereby states an action for contribution against Mr. Bryan. To the extent that

any common liability exists as between Lowe's and Mr. Bryan, Lowe's should not be forced to bear more than its individual share of liability, if any.

28.     To the extent that Lowe's is forced to pay for or satisfy any liability in this action, it therefore has an action for contribution against Bryan.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff prays for the following relief:

1.     That the Court award Defendant/Third-Party Plaintiff all damages to which it is entitled; and

2.     That the Court Award Defendant/Third-Party Plaintiff such other relief that the Court deems just and equitable.

RESPECTFULLY SUBMITTED, this the 9th day of June, 2022.

*s/B. Lyle Robinson*
B. Lyle Robinson (MSB#: 100015)
Ginny Y. Deliman (MSB#: 102199)
TAYLOR, WELLONS, POLITZ & DUHE, LLC
100 Webster Circle, Suite 104
Madison, Mississippi 39110
Telephone:  769-300-2988
Facsimile:  769-300-2145
Email: lrobinson@twpdlaw.com
Email: gdeliman@twpdlaw.com
**Attorneys for Lowe's Home Centers, LLC and Lowe's Home Improvement Store No. 2350**

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the above and foregoing pleading with the Clerk of Court using the ECF system which sent notification of such filing to the following counsel of record:

    Paul M. Newton, Jr.
    Newton Law Firm, PLLC
    Post Office Box 910
    Gulfport, MS 39502

This, the 9th day of June, 2022.

                                              *s/B. Lyle Robinson*
                                              B. Lyle Robinson